**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO: 6:14-cv-02025-PGB-TBS**

**AGNES C. WOODMAN,**

       **Plaintiff,**

vs.

**BRAVO BRIO RESTAURANT**
**GROUP, INC. d/b/a**
**BRAVO CUCINA ITALIANA,**

       **Defendant.**

_____ /

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S AMENDED MOTION TO STRIKE ALLEGATION OF**
**NEGLIGENT MODE OF OPERATION FROM PLAINTIFF'S COMPLAINT**

Plaintiff, Agnes Woodman, files this Response in Opposition to Defendant's Amended Motion to Strike Allegation of Negligent Mode of Operation from Plaintiff's Complaint ("Motion to Strike"), and states:

**I.      INTRODUCTION**

Plaintiff initiated this lawsuit against Defendant on October 31, 2014, by filing the Complaint in the Ninth Judicial Circuit in and for Orange County, Florida for the permanent personal injuries and damages she suffered from a violent slip and fall on a foreign, transitory substance in Defendant's restaurant.

Plaintiffs Complaint includes a claim for negligent mode of operation therein. (Doc. 2 ¶¶ 9). On December 9, 2014, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1446(b)(3). (Doc. 1). On December 11, 2014, Defendant answered Plaintiff's Complaint. (Doc. 8). Finally, on March 20, 2014, (and for the second time) Defendant moved to strike Plaintiff's

1

claim for negligent mode of operation—contained within the general Negligence Count of Plaintiff's Complaint. (Doc. 19).[1]  The relief sought by Defendant in it its Amended Motion to Strike is misguided for the reasons set forth more fully below.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) only permits a party to move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are "disfavored by courts and are considered a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Jackson v. Grupo Indus. Hotelero, S.A.*, 07-22046-CIV-HUCK, 2008 WL 4648999, at *14 (S.D. Fla. 2008) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir.1962)).  A motion to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

## III.     ARGUMENT

### A.     The common law gives rise to Plaintiff's claims.

Premises liability is born of the common law.  *Chevron U.S.A., Inc. v. Forbes*, 783 So. 2d 1215, 1217 (Fla. 4th DCA 2001); *Cunningham v. City of Dania*, 771 So. 2d 12, 15 (Fla. 4th DCA 2000).  The negligent mode of operation theory also arises from the common law.  *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260 (Fla. 2002) (citing *Chiara v. Fry's Food Stores of Arizona, Inc.*, 733 P.2d 283, 285 (Ariz. 1987)).  An operational theory of liability looks at how a defendant conducts its business in response to known dangers on its property.  *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 320 (Fla. 2001); *Carls Markets, Inc. v. Meyer*, 69 So.

---

[1] On December 11, 2014, this Court *sua sponte* struck Defendant's Motion to Strike for failing to confer in good-faith with opposing counsel, as required by M.D. Fla. Local Rule 3.01(g). (Doc. 10).

2d 789, 791 (Fla. 1953).  It is essentially a foreseeability and response analysis, or, good ol'
fashioned negligence.

In *Markowitz v. Helen Homes of Kendall Corp.,* the Florida Supreme Court discussed that
negligent mode of operation is by <u>one method</u> by which a plaintiff can establish the breach
element of a negligence claim. 826 So.2d 256, 259–60 (Fla.2002).  Similar to proving that a
business owner had actual, or constructive knowledge of an unsafe condition, negligent mode of
operation establishes the breach of a duty of care where a business owner <u>creates an unsafe
condition</u> through the manner in which he conducts his business. *Id.* at 260 ("[T]he mode-of-
operation rule looks to a business's choice of a particular mode of operation and not events
surrounding the plaintiffs accident.")(internal quotation marks omitted); *see also, e.g., Wells v.
Palm Beach Kennel Club,* 160 Fla. 502, 35 So.2d 720, 721 (Fla.1948) (finding that the failure of
a business to provide trash receptacles to its patrons may suffice as a negligent mode of operation
where a plaintiff tripped over empty bottles littered throughout the property).[2]

**B.  Defendant's Motion to Strike must be denied because Plaintiff's claims are not
redundant, immaterial, impertinent, or scandalous matter.**

Applied herein, Plaintiff's claim for negligent mode of operation set forth <u>within</u> the
general Negligence Count of Plaintiff's Complaint is not redundant, immaterial, impertinent, or
scandalous matter.  In fact, Plaintiff has merely alleged her negligent mode of operation claim as
'part and parcel' of Plaintiff's Complaint, and further, by '<u>one method</u>' to establish the breach

---

[2] See, *Wichael v. Wal-Mart Stores East, LP,* No. 6:14–cv–579–Orl–40DAB, 2014 WL 5502442, at *2,
(M.D. Fla. Oct. 30, 2014).  Plaintiff's instant Response in Opposition utilizes portions of the *Wichael*
Order, which was astutely drafted by the Honorable Paul G. Byron in October 2014.

element of her negligence claim.[3]  Plaintiff's Complaint is not duplicative, as Defendant's 'mode

of operation' on the day Plaintiff was injured lies at the heart of this case.[4]

**C.      § 768.0755, Fla. Stat. only establishes what a slip and fall plaintiff must prove–it does not affect what causes of action a plaintiff may bring.**

Section 768.0755 (the "Statute") establishes what a slip and fall plaintiff must prove.  It

reads:

> **768.0755   Premises liability for transitory foreign substances in a business establishment.**
>
> (1)   If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
> >     (a)   The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> >     (b)   The condition occurred with regularity and was therefore foreseeable.
>
> (2)   This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

The Statute merely establishes the burden of proof in a slip and fall case, nothing more, nothing

less.  Burden of proof and theory of liability are two different things.  *Philip Morris v. Jett*, 802

---

[3] Undersigned is aware of an *unreported* opinion from the Southern District of Florida in which the Court struck a separate and distinct 'Count II' for Negligent Mode of Operation when plead concurrent with a general, separate count for Negligence.  See, *Carvajal v. Walgreen Co.*, No. 10–23931–CIV, 2011 WL 2531204, at *2, (S.D.Fla. June 24, 2011).  However, in the instant matter, Plaintiff's Complaint does not incorporate this type pleading style.  As such, s Plaintiff's claim for negligent mode of operation within the general Negligence Count should not be stricken, nor considered 'redundant material' by this Honorable Court.

[4] For reasons unbeknownst to undersigned counsel, Defendant has attached a 'collection' of non-binding state court orders in support of its Motion to Strike.  Plaintiff is not privy to what similarities, *if any*, these orders have to the instant action—but, respectfully suggests that the benefit for this Court's analysis of the instant Motion is none.

So. 2d 353, 355 (Fla. 3d DCA 2001); *State, Dep't of Envtl. Regulation v. CTL Distribution, Inc.*, 715 So. 2d 262, 264 (Fla. 3d DCA 1998). The last section of 768.0755 confirms it does not "affect and common-law duty of care owed by a person or entity in possession or control of a business." § 768.0755(2). Florida courts are bound by the plain meaning of a statute's words. *E.g., J.M. v. Gargett*, 101 So. 3d 352, 356 (Fla. 2012). Therefore, the plain wording of section 768.0755 simply establishes a plaintiff's burden of proof. § 768.0755(1). It does not affect what causes of action a plaintiff may bring.

**D.      It would be reversible error for this Court to add language to § 768.0755, Fla. Stat. as requested by Defendant.**

Defendant has essentially asked this Court to add the language contained in the Bill Analysis and Fiscal Impact Statement into section 768.0755. "Courts should give statutory language its plain and ordinary meaning, and may not add words that were not included in the legislation." *E.g., Bauer v. DILIB, Inc.*, 16 So. 3d 318, 322 (Fla. 4th DCA 2009). Section 768.0755 does not state it does away with a negligent mode of operation theory of liability. *See* § 768.0755. The Statute states it "does <u>not affect</u> any common-law duty." *Id*. (emphasis added). The Legislature did not put the contents of the Bill Analysis and Fiscal Impact Statement into the Statute and respectfully, this Court is prohibited from doing so. *See Bauer*, 16 So. 3d at 322.

In addition, judicial determination of legislative intent violates the separation of powers doctrine. In Florida, it is well settled that "[a]bsent a violation of due process or a specific constitutional guarantee, courts cannot substitute their judgment for that of the Legislature". *In re Apportionment Law, Senate Joint Resolution No. 1305*, 263 So.2d 797, 806 (Fla. 1972) (emphasizing that the Court would measure legislative acts only "with the yardstick of the Constitution" and that "[t]he propriety and wisdom of legislation are exclusively matters for legislative determination"). Further, intervening in the Legislature's discretionary decisions "would

require the judicial branch to second guess the political and police power decisions of the other branches of government," thus violating the separation of powers doctrine. *Trianon Park Condo. Ass'n v. City of Hialeah,* 468 So.2d 912, 918 (Fla.1985).  As such, determining legislative intent in the instant matter would be improper.

### IV.    CONCLUSION

For the above reasons, Plaintiff respectfully requests:

      i)      entry of an Order Denying Defendant's Amended Motion to Strike Allegation of Negligent Mode of Operation from Plaintiff's Complaint; and

      ii)     for such other and further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using EM/ECF which will send a copy to: John P. Daly, Esquire, Rissman, Barrett, Hurt, Donahue & McLain, P.A., [jpd.service@rissman.com] 201 E. Pine Street, Suite 1500, PO 4940, Orlando, Florida 32802 on the 30th day of March, 2015.

/s/Andrew Parker Felix
**Andrew Parker Felix, Esquire**
FBN 0685607
**Matt T. Morgan, Esquire**
FBN 0088224
**Morgan & Morgan, P.A.**
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:     (407) 420-1414
Facsimile:     (407) 425-8171
Primary email: AFelix@forthepeople.com
Secondary email: KDimeglio@forthepeople.com
Primary email: MattMorgan@forthepeople.com
Secondary email:
GBokuniewicz@forthepeople.com
***Attorneys for Plaintiff***

6