UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AGNES C. WOODMAN,

      Plaintiff,

v.                                       Case No:  6:14-cv-2025-Orl-40TBS

BRAVO BRIO RESTAURANT GROUP,
INC.,

      Defendant.
_____

## ORDER

This matter is before the Court on Defendant Bravo Brio Restaurant Group, Inc.'s

Amended Motion to Strike Allegation of Negligent Mode of Operation from Plaintiff's

Complaint (Doc. 19).  The motion is due to be **GRANTED**.

      Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter."  Motions to strike serve "to 'clean up the pleadings, streamline litigation, and

avoid unnecessary forays into immaterial matters.'"  Wiand v. Wells Fargo Bank, N.A.,

938 F. Supp. 2d 1238, 1250 (M.D. Fla. 2013) (quoting Slone v. Judd, No. 8:09-cv-1175-T-

27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)).

      Motions to strike are disfavored and are not granted "unless clearly warranted."

Brown v. Joiner Int'l, Inc., 523 F. Supp. 333, 336 (S.D. Ga. 1981) (citing OKC Corp. v.

Williams, 461 F. Supp. 540 (N.D. Tex. 1978)).  A motion to strike will be "denied unless

the allegations have no possible relation to the controversy and may cause prejudice to

one of the parties."  Augustus v. Board of Public Instruction of Escambia County, 306

F.2d 862, 868 (5th Cir. 1962).[1]  Absent a showing of prejudice, a motion to strike does

nothing to advance the litigation, and the Court will not strike allegations "to merely polish

the pleadings."  Duramed Pharmaceuticals, Inc. v. Watson Laboratories, Inc., No. 3:08-

CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008); see also Michael

v. Clark Equipment Co., 380 F.2d 351, 352 (2d Cir. 1967) ("A great deal of time has been

spent in this case in a struggle to get the plaintiff's pleading into better shape.  As this

court has often remarked, time spent in this way is usually wasted.").

Defendant maintains that paragraph 9(j) of the complaint should be stricken

because FLA. STAT. § 768.0755 precludes Plaintiff from relying on "mode of operation

theory" as a basis for liability in this slip-and-fall case.  Plaintiff counters that "mode of

operation theory" survives the passage of FLA. STAT. § 768.0755 because it is based on

the common law and § 768.0755(2) provides that the statute "does not affect any

common-law duty of care owed by a person or entity in possession or control of a

business premises."

The "mode of operation theory" allows a slip-and-fall plaintiff to recover by showing

that a defendant failed to exercise reasonable care in selecting a mode of operation,

without showing that the defendant had actual or constructive knowledge of the

hazardous condition.  The Florida Supreme Court recognized mode of operation theory

as early as 1948 for "[p]laces of amusement where large crowds gather," such as race

tracks, amusement parks, and stadiums.  Wells v. Palm Beach Kennel Club, 35 So. 2d

720, 721 (Fla. 1948).  In Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 332 (2001),

the court expressly endorsed mode of operation theory in slip-and-fall cases.  The next

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

year, the Florida Legislature enacted FLA. STAT. § 768.0710, which adopted Owens's

holding on mode of operation theory while abrogating the Florida Supreme Court's other

major holding regarding burdens of proof.  Section 768.0710 was repealed concurrent

with the passage of FLA. STAT. § 768.0755 in 2010.

In interpreting § 768.0755, this Court must "strive to effectuate the legislature's

intent."  Kasischke v. State, 991 So.2d 803, 807 (Fla. 2008).  A court's inquiry into

legislative intent begins with the plain language of the statute; if the statutory language is

"clear and unambiguous," the inquiry ends there as well.  Id.

Section 768.0755 requires plaintiffs who "slip[] and fall[] on a transitory foreign

substance in a business establishment" to prove "that the business establishment had

actual or constructive knowledge of the dangerous condition and should have taken

action to remedy it."  FLA. STAT. § 768.0755(1).  The statute provides that a plaintiff may

establish constructive knowledge by "circumstantial evidence showing that: (a) The

dangerous condition existed for such a length of time that, in the exercise of ordinary

care, the business establishment should have known of the condition; or (b) The condition

occurred with regularity and was therefore foreseeable."  Subsection (2) of § 768.0755

provides that "[t]his section does not affect any common-law duty of care owed by a

person or entity in possession or control of a business premises.

The plain language of subsection (1) requires without exception, proof of actual or

constructive knowledge as a necessary element of a slip-and-fall claim.  See Pembroke

Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 426 (Fla. 4th DCA 2014) (explaining that

this section "reinserts the pre-Owens knowledge element into slip and fall claims").  This

requirement is made even more clear by the fact that the legislature, in enacting

§ 768.0755, repealed FLA. STAT. § 768.0710, which expressly allowed a plaintiff to

establish a claim for relief in a slip-and-fall case by showing that the defendant "'acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises,' without showing the business had actual or constructive knowledge of the transitory foreign substance." Pembroke Lakes Mall, 137 So. 2d at 426.

Plaintiff's argument that her negligent mode of operation claim survives because it arises under the common law and § 768.0755 "does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises" lacks merit.  § 768.0755(2).  If, as Plaintiff urges, subsection (2) of the statute is construed to allow claims based on mode of operation theory that would effectively read subsection (1) out of the statute.   "[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." State v. Goode, 830 So.2d 817, 824 (Fla. 2002). Rather than reading subsection (2) to effectively repeal subsection (1), the Court concludes that subsection (2) means that the duty owed by premises owners to invitees is the same as it has always been under Florida law: "to exercise reasonable care to maintain their premises in a safe condition." Owens, 802 So. 2d at 320.

Next, Plaintiff argues that § 768.0755 "merely establishes the burden of proof in a slip and fall case" but "does not affect what causes of action a plaintiff may bring." (Doc. 20 at 4-5).  Plaintiff's cause of action is for negligence including by engaging in a mode of operation which Defendant knew or should have known would result in conditions dangerous to the general public.  If this claim remains in the complaint then the Court expects Plaintiff will ask for a jury instruction on negligent mode of operation.  This would be contrary to § 768.0755's requirement that a slip and fall plaintiff prove actual or

constructive knowledge in order to recover.  Section 768.0755 has clearly eliminated the mode of operation theory as a basis for recovery in slip-and-fall cases and Plaintiff may not pursue her claim on this basis.  This leads the Court to conclude that Plaintiff's claim based upon the negligent mode of operation theory is "immaterial, impertinent, or scandalous."   FED.R.CIV.P. 12(f).  Accordingly, Defendant's motion is **GRANTED** and paragraph 9(j) is **STRICKEN** from the complaint.

      **ORDERED** in Orlando, Florida on April 21, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record