**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO:  6:14-CV-2025-ORL-40TBS**

**AGNES WOODMAN ,**

        **Plaintiff,**

vs.

**BRAVO BRIO RESTAURANT**
**GROUP, INC. d/b/a BRAVO CUCINA**
**ITALIANA,**

        **Defendant.**

_____ /

**PLAINTIFF'S OBJECTIONS AND REQUEST**
**FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER**

Plaintiff, by and through her undersigned counsel, submits her objections to the Order of

U.S. Magistrate Judge Thomas B. Smith dated April 21, 2015, granting Defendant Bravo Brio

Restaurant Group, Inc.'s Amended Motion to Strike Allegation of Negligent Mode of Operation

from Plaintiff's Complaint (the "Order") (Doc. 19), and further requests that the District Court

review *de novo* Mag. Judge Smith's decision, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule

of Civil Procedure 72(b) and Local Rule 6.02(a).   In the alternative, Plaintiff submits her

objections and seeks review of Mag. Judge Smith's Order pursuant to 28 U.S.C. § 636(b)(1)(A)

and Federal Rule of Civil Procedure 72(a), and states:

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72 provides for district court review of a magistrate

judge's decision. Pre-trial matters "dispositive of a claim or defense" are subject to *de novo*

review by the district judge to which the case is assigned. Fed.R.Civ.P. 72(b). A magistrate judge's order relating to a non-dispositive pretrial matter is reviewed under the "clearly erroneous" standard. Fed. R. Civ. P. 72(a). Plaintiff contends that *de novo* review is proper as to the instant motion.

## MEMORANDUM OF LAW

### A.  Plaintiff requests the Court to review Magistrate Judge Smith's Order *de novo.*

In a civil case where both parties have <u>not</u> consented to assignment to a magistrate judge for all purposes, the magistrate judge's power to hear pre-trial motions is derived from 28 U. S. C. § 636(b)(1), which provides in pertinent part:

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pre-trial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous, or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) of applications for post-trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Federal Rule of Civil Procedure 72 specifies the procedures to be used with regard to pre-trial matters referred to magistrate judges. "The Rule reflects the division in section 636(b) between matters as to which magistrates may issue orders and matters as to which magistrates

2

may make only proposed findings of fact and recommendations." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F. 2d 1458, 1462 (10th Cir. 1988). "Significantly, the Rule does not list the specific motions which fall into each category, but simply refers to matters as either 'dispositive' or 'not dispositive' of a claim or defense." *Id.* As to "matters not dispositive of a claim or defense," the Rule provides that a Magistrate judge may enter an order setting forth the disposition of the matter, and such order is subject to review under a "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a). As to any pre-trial matter "dispositive of a claim or defense of a party," a magistrate judge is authorized to enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. Fed. R. Civ. P. 72(b). If a party objects to the magistrate judge's recommendations, the district judge to whom the case is assigned is required to review the matter *de no vo.*[1] *Id.*

Thus, although Rule 72 purports to segregate pre-trial matters in a manner corresponding to 28 U. S. C. § 636(b)(l), it does not track the language of the statute. Charles A. Wright, Arthur R. Miller, and Richard L. Marcus, 12 Fed. Prac. & Proc. Civ. 2d § 3068. 2. In classifying pretrial matters as either "dispositive" or "non-dispositive," the drafters of Rule 72 intended to "reflect the legislative history of the 1976 amendments, the considerations underlying the differing standards of review, and the body of case law that developed in practice under the provisions of Section 636(b)(l)." *Id.* Notably, "the Supreme Court itself adopted the 'dispositive' label to explain the statutory distinction well before Rule 72 was adopted." *Id.; U. S. v. Raddatz*, 447 U. S. 667 (1980).

---

[1] "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b).

A critical issue before the court today therefore is whether Magistrate Judge Smith's granting of Defendant's *Amended* Motion to Strike Allegation of Negligent Mode of Operation from Plaintiff's Complaint ("Defendant's Motion") (Doc. 19) should be treated as a dispositive issue, and thus subject to *de novo* review, or whether the ruling is non-dispositive and subject to the more deferential "clearly erroneous" standard.

Undersigned counsel respectfully submits that Defendant's Motion involves a "dispositive matter."  Unlike non-dispositive matters, dispositive matters can be "heard" but not "decide[d]" by the magistrate judge.   28 U.S.C. § 636(b)(1)(A) prohibits a district judge from referring to a magistrate judge for plenary determination <u>a motion that disposes of a claim or defense</u>, including motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or permit maintenance of a class action, to involuntarily dismiss an action, or to dismiss for failure to state a claim upon which relief can be granted.  The list of prohibited motions is generally interpreted as illustrative, not exhaustive.  *See Williams v. Beemiller, Inc.*, 527 F.3d. 259 (2d Cir. 2008) (motion to remand to the state court, although not mentioned within 28 U.S.C. § 636(b)(1) (A), is case-dispositive). The statutory prohibition does not mean, however, that a magistrate judge can play no role in the decision of dispositive motions, including those specified in Section 636(b)(1)(A).[2]

The court in *Ocelot* gave careful consideration to the notes to Federal Rule of Civil Procedure 72, the Advisory Committee notes, the timing of the rule, and the legislative history of § 636, and concluded that "[m]otions not designated on their face as one of those excepted in

---

[2] On the contrary, the Federal Magistrates Act of 1968 specifically authorizes a district judge to assign dispositive matters to a magistrate judge for issuance of a report and recommended disposition, including any proposed findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

subsection (A) [of § 636(b)(1)] are nevertheless to be treated as such a motion when they have an identical effect." *Ocelot*, 847 F. 2d at 1462 (<u>holding magistrate judge' striking of pleadings amounted to involuntary dismissal</u> and was thus dispositive for purposes of district court review). (emphasis added).   The court pointed out that the U. S. Constitution allows only Article III judges to be given final decision making authority and that a court will construe a statute as to avoid constitutional problems whenever possible. *Id.* at 1463.   Section 636 simply cannot be read to confer more authority on magistrate judges than the Constitution allows. *Id.*

Stated simply, if a motion involves a "determination of the merits of the case, or does not involve a collateral matter, or it is *critical in shaping the nature of the litigation*, courts will treat it as dispositive." 32 Am. Jur. 2d Fed. Courts § 188.[3]

In the instant case, Magistrate Smith's granting of Defendant's *Amended* Motion to Strike Allegation of Negligent Mode of Operation from Plaintiff's Complaint (Doc. 19) undeniably disposes of an element of Plaintiff's claim within her Negligence Count.   As such, Magistrate Smith's Order should therefore be considered by this Court as a dispositive motion for review purposes, subject to a *de novo* review.

---

[3] The Sixth Circuit has ruled accordingly in several published opinions: In *Massey v. City of Ferndale*, 7 F. 3d 506, 509-510 (6th Cir. 1993), the court held that a post-dismissal motion for sanctions, fees, and costs was dispositive of a claim and therefore not to be determined by the magistrate judge; in *Bennett v. General Caster Serv. of N. Gordon Co.*, 976 F. 2d 995, 997 (6th Cir. 1992), the court found that an order of Rule 11 monetary sanctions was dispositive; in *Woods v. Dahlberg*, 894 F. 2d 187 (6th Cir. 1990), a denial of a motion to proceed *in forma pauperis* was held to be the functional equivalent of involuntary dismissal and was thus beyond the scope of a magistrate judge's power to decide. See 7 J. Moore, Moore's Federal Practice, 3rd Ed., § 72. 02[4] (listing motions that "[a]lthough not listed in the Magistrates Act ... should also be considered dispositive in nature, requiring the magistrate judge to make proposed findings of fact and recommendation for disposition," rather than entering an order).

## **CONCLUSION**

For all the reasons stated herein, Plaintiff respectfully requests that the Court:

i)      review Mag. Judge Smith's Order *de novo*;

ii)     deny Defendant's *Amended* Motion to Strike Allegation of Negligent Mode of Operation from Plaintiff's Complaint; and

iii)    granting such further relief, at law or in equity to which Plaintiff may justly be entitled.

Respectfully submitted,

/s/Andrew Parker Felix\
**Andrew Parker Felix, Esq.**\
FBN 0685607\
**Morgan & Morgan, P.A.**\
20 N. Orange Ave., 16th Floor\
P.O. Box 4979\
Orlando, FL 32802-4979\
Telephone:      (407) 420-1414\
Primary email: AFelix@forthepeople.com\
Secondary email: KDimeglio@forthepeople.com\
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the forgoing with the Clerk of the Court using EM/ECF which will send a copy to: John P. Daly, Esquire, Rissman, Barrett, Hurt, Donahue & McLain, P.A., [jpd.service@rissman.com] 201 E. Pine Street, Suite 1500, PO 4940, Orlando, Florida 32802 on the 27<u>th</u> day of April, 2015.

/s/Andrew Parker Felix
**Andrew Parker Felix, Esq.**
FBN 0685607
**Matt T. Morgan, Esq.**
FBN 0088224
**Morgan & Morgan, P.A.**
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 425-8171
Primary email: AFelix@forthepeople.com
Secondary email: KDimeglio@forthepeople.com
Primary email: MattMorgan@forthepeople.com
Secondary email:
GBokuniewicz@forthepeople.com
***Attorneys for Plaintiff***