UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. CASE NO. 6:14-CV-2025-Orl-40TBS

AGNES C. WOODMAN,

    Plaintiff,

v.

BRAVO BRIO RESTAURANT GROUP, INC.,
d/b/a BRAVO CUCINA ITALIANA

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL DISCOVERY**

Defendant, BRAVO BRIO RESTAURANT GROUP, INC. d/b/a BRAVO CUCINA ITALIANA ("BRAVO"), pursuant to Rule(s) 3.01 and 3.04 of the *Middle District Local Rules*, Federal Rules of Civil Procedure, files its Response to Plaintiff's Motion to Compel Discovery and Supporting Memorandum of Law and in support thereof therefore states as follows:

1. Plaintiff served her First Request to Produce upon Defendant, with Defendant serving its Responses on November 19, 2012.

2. On May 5, 2015, Plaintiff filed her Motion to Compel Discovery and Supporting Memorandum of Law [Doc. No. 27] as to Defendant's Responses to Request for Production Nos. 11, 12 and 13.

3. Below represents the Requests and Defendant's Responses that are the subject of Plaintiff's Motion to Compel:

4. Request No. 11 and the Response is as follows:

> 11. A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.
>
> **Response: Objection. Request No. 11 is objectionable as this Defendant considers its written policies and procedures privileged under Chapter 688, Florida Statutes and Section 90.506, Florida Statutes. Further this Request is overly broad in scope and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See also *Sheridan v. Total Health Choice,* 770 So.2d 221 (Fla. 3d DCA 2000).**

5. Request No. 12 and the Response is as follows:

> 12. A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.
>
> **Response: Please see Defendant's objections to Request No. 11.**

6. Request No. 13 and the Response is as follows:

> 13. A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject accident.
>
> **Response: Objection. Request No. 13 is objectionable as it overbroad in scope. More specifically, the Complaint filed by Plaintiff alleges that she slipped and fell within the interior of the premises and Request No. 13 seeks documents regarding the maintenance of the exterior of the premises. To the extent that Request No. 13 could be construed to apply to the area of the alleged incident, please see Defendant's objection and response to Request No. 11.**

7. Prior to the start of Plaintiff's deposition taken on May 13, 2015, counsel for Defendant provided a copy of pertinent portions of Defendant's policies and procedures, as well as training materials, to Plaintiff's counsel. Therefore, the Motion to Compel as to Request No. 11 and Request No. 12 is moot. Defendant considers the remaining portions of the materials to be confidential, and Defendant has offered to disclose the complete copy of responsive materials subject to a confidentiality agreement.

8. As for Request No. 13, the subject slip and fall occurred within the interior of Defendant's premises, a restaurant. There is no allegation that the incident was in any way connected with the maintenance of the exterior of the property. As such, Request No. 13 is overly broad as contemplated by Rule 26(b)(1) as it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. See Fed.R.Civ.P. Rule 26(b)(1).

9. Plaintiff's Motion to Compel does not address Defendant's objections as to Request No. 13. Instead, the Motion focuses on Defendant's objections to Request No. 11 and Request No. 12 which centered on the privileged nature of the materials requested as trade secrets and/or confidential pursuant to Chapter 688, Florida Statues, as well as Section 90.506, Florida Statutes.

## CONCLUSION

Plaintiff's Motion to Compel challenged Defendant's Responses to Request Nos. 11, 12, and 13 of Plaintiff's First Request to Produce. The parties have resolved the Motion to Compel as to Request No. 11 and Request No. 12, as the materials were personally provided to Plaintiff's attorney before the start of her deposition on May 13,

2015. As to Request No. 13, Plaintiff stated no basis in her Motion to Compel addressing Defendant's objections. Therefore, pursuant to Rule 3.04(a), Plaintiff has not provided any grounds for which the Court could grant the Motion to Compel as to Request No. 13.

**I HEREBY CERTIFY** that on May 22, 2015, I electronically submitted the foregoing document to the clerk of court for the United States District Court, Middle District of Florida, using the electronic case file system of the Court. The electronic case file system sent a "Notice of Electronic Filing" to the following individuals and a courtesy copy was also sent to: Matt T. Morgan, Esquire at mattmorgan@forthepeople.com and GBokuniewicz@forthepeople.com; and Andrew Felix, Esquire at AFelix@forthepeople.com and KDimeglio@forthepeople.com.

/s/John P. Daly
JOHN P. DALY, ESQUIRE
Florida Bar No.: 0718130
jpd.service@rissman.com
Rissman, Barrett, Hurt,
 Donahue & McLain, P.A.
201 E. Pine Street
Suite 1500
Post Office Box 4940
Orlando, Florida 32802-4940
Telephone: (407) 839-0120
Facsimile: (407) 841-9726
Attorneys for Defendant, Bravo Brio Restaurant Group, Inc. d/b/a Bravo Cucina Italiana

JPD/KEL/kel