UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AGNES WOODMAN,

    Plaintiff,

v.                                        Case No. 6:14-cv-2025-Orl-40TBS

BRAVO BRIO RESTAURANT GROUP, INC.,
d/b/a BRAVO CUCINA ITALIANA,

    Defendant.

## ORDER

This case is before the Court without oral argument on Plaintiff's Motion to Compel (Doc. 27). For the reasons that follow, the motion is due to be granted in part and denied in part.

Plaintiff alleges that she was a business invitee inside Defendant's restaurant when she slipped and fell on a wet substance on the floor (Doc. 2, ¶¶ 6, 8). She attributes her resulting injuries to Defendant's negligence (Id., ¶¶ 9, 12). Defendant removed the case to this Court based on diversity jurisdiction (Doc. 1). On November 12, 2014, Plaintiff served a request for the production of documents on Defendant (Doc. 27, ¶ 1). Defendant objected to three of the requests (Doc. 27-1, pp. 3-4). On May 5, 2015, Plaintiff filed her motion to compel, and on May 22, 2015, Defendant docketed its response (Docs. 27, 31). The Court gave Plaintiff leave to reply, which she has now done (Docs. 32-33).

Plaintiff's reply improperly includes a motion to strike Defendant's response on the ground that it was filed three days late (Doc. 33). Any motion to strike should have

been made separately.  The motion to strike is also improper because Plaintiff's counsel did not comply with Local Rule 3.01(g).  Lastly, the motion to strike is wrong on the merits.  Plaintiff relied on the CM/ECF system to serve her motion to compel on Defendant (Doc. 27, p. 10).  When a party is served by electronic means, "3 days are added after the period would otherwise expire under Rule 6(a)."   FED. R. CIV. P. 6(d).  Therefore, Defendant's response was timely served and the motion to strike is **DENIED**.

This brings the Court to the motion to compel.  Parties may serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control."  FED. R. CIV. P. 34(a)(1).  Requests to produce "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection...; and (C) may specify the form or forms in which the electronically stored information is to be produced."  FED. R. CIV. P. 34(b)(1).

The recipient of a request to produce has 30 days to respond.  FED. R. CIV. P. 34(b)(2)(A).  For each request, the responding party "must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons."  FED. R. CIV. P. 34(b)(2)(B).  Documents must be produced as they are kept in the ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request."  FED. R. CIV. P. 34(b)(2)(E)(i).  When a party "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34," the requesting party can move for an order compelling production.  FED. R. CIV. P. 37(a)(3)(B)(iv).  "[A]n evasive or incomplete disclosure, answer, or

response" to a discovery request is "treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The motion to compel addresses the following requests and objections:

> REQUEST 11. A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.
>
> RESPONSE: Objection. Request No. 11 is objectionable as the Defendant considers its written policies and procedures privileged under Chapter 688, Florida Statutes and Section 90.506 Florida Statutes. Further this Request is overly broad in scope and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See also Sheridan v. Total Health Choice, 770 So.2d 221 (Fla. 3d DCA 2000).
>
> REQUEST 12. A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.
>
> RESPONSE: Please see Defendant's objections to Request No. 11.
>
> REQUEST 13. A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject accident."
>
> RESPONSE: Objection. Request No. 13 is objectionable as it is overbroad in scope. More specifically, the Complaint filed by Plaintiff alleges that she slipped and fell within the interior of the premises and Request No. 13 seeks documents regarding the maintenance of the exterior of the premises. To the extent that Request No. 13 could be construed to apply to the area of the alleged incident, please see Defendant's objection and response to Request No. 11.

(Doc. 27-1, pp. 3-4).

The Court begins with Defendant's objections based upon the privileged nature of the materials Plaintiff seeks. Chapter 688 is Florida's "Uniform Trade Secrets Act." Fla. Stat. 688.001(1). The act defines a trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure; and (b) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." FLA. STAT. 688.002(4).

Section 90.506 Florida Statutes provides that "A person has a privilege to refuse to disclose, and to prevent other persons form disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosures, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person's agent or employee." Fla. Stat. 90.506.

Under Florida law, the trade secret privilege is not absolute. Sea Coast Fire, Inc. v. Triangle Fire, Inc., __ So.3d __, 2014 WL 6679018 at *2 (Fla. 3d DCA, Nov. 26, 2014). Florida courts have developed a three-step process to determine if a trade secret is discoverable.[1] At step one, the party asserting the trade secret privilege has the burden "to show 'good cause' for protecting or limiting discovery by demonstrating that the information sought is a trade secret or confidential business information and

---

[1] Applying the three-step approach, Florida courts "(1) determine whether the requested production constitutes a trade secret; (2) if the requested production constitutes a trade secret, determine whether there is a reasonable necessity for production; and (3) if production is ordered, the trial court must set forth its findings." Sea Coast, 2014 WL 6679018 at *2 (citing Gen. Caulking Coating, Inc. v. J.D. Waterproofing, Inc., 958 So.2d 507, 508 (Fla. 3d DCA 2007). The Sheridan case cited by Defendant recognizes the three-step approach. 770 So.2d at 222.

-4-

that disclosure may be harmful." American Exp. Travel Related Services, Inc. v. Cruz, 761 S.2d 1206, 1209 (Fla. 4th DCA 2000).  Defendant has not carried its burden at step one because it has not presented any evidence to show that the requested information is a "trade secret" as defined in Fla. Stat. 688.002(4), let alone why disclosure could be harmful.

In its response to the motion to compel, Defendant states that it has now produced copies of what it believes are the pertinent parts of its policies, procedures, and training materials.  Therefore, Defendant concludes that the motion to compel requests 11 and 12 "is moot."  (Doc. 31, ¶ 7).  Defendant also states that it is prepared to produce the balance of these documents subject to a confidentiality agreement (Id.). The change in Defendant's position comes too late.  It should have reevaluated its objections before the motion to compel was filed.  Additionally, in her reply Plaintiff alleges that at deposition Defendant's corporate representative testified "that the only portion of [Defendant's] Policy and Procedures that might be confidential is the way [Defendant] deals with customer complaints---in order to prevent start-up restaurants from competing." (Doc. 33 at 2-3 (emphasis in original)).

Defendant's other objection to requests 11 and 12 is of the unexplained, boilerplate variety.  "'Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.'" Arthrex, Inc. v. Parcus Medical, LLC, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov. 1, 2012) (quoting Martin v. Zale Delaware, Inc., No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555 (M.D. Fla. Dec. 15, 2008)).

Defendant's specific objection to request 13 is that there are no allegations that Plaintiff's slip and fall is connected in any way with the maintenance of the exterior of the restaurant and therefore, the requests are overbroad, not relevant, and not reasonably

calculated to lead to the discovery of admissible evidence (Doc. (31, ¶¶ 8-9). Plaintiff does not challenge this objection, either in her motion or in her reply, and the Court will sustain it.

Accordingly, Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part**. Defendant's privilege objections to requests to produce numbered 11, 12 and 13 are **OVERRULED**, but its specific objection to request number 13 is **SUSTAINED**. Defendant shall produce the documents sought in requests 11 and 12 within seven days from the date of this Order.

When a motion to compel is granted in part and denied in part, a court may "apportion the reasonable expenses for the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(C). Almost all of the briefing on the motion addressed the trade secret issue on which Plaintiff prevailed. Defendant's position that its safety manuals and inspection and maintenance policies constituted trade secrets lacked any justification, substantial or otherwise. Accordingly, Plaintiff is awarded her reasonable expenses to prosecute the motion to compel (but not the motion to strike). Plaintiff has 14 days from the date of this Order within to file the papers she wants the Court to consider in deciding what amount to award. Then, Defendant shall have 14 days to respond. The parties may avoid this process by agreeing upon the amount to be paid by Defendant to Plaintiff.

**DONE and ORDERED** in Orlando, Florida, on May 29, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel of Record