UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AGNES C. WOODMAN,

      Plaintiff,

v.                                                          Case No:   6:14-cv-2025-Orl-40TBS

BRAVO BRIO RESTAURANT GROUP,
INC.,

      Defendant.

_____

## ORDER

On May 29, 2015, the Court entered an order granting Plaintiff Agnes C. Woodman's motion to compel Defendant Bravo Brio Restaurant Group, Inc. to provide documents in response to three of Plaintiff's production requests (Doc. 35).   In the order, the Court found that, pursuant to Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure, Plaintiff was entitled to fees in connection with her motion to compel (Id. at 6).   On June 12, Plaintiff filed her application seeking $6,004 in fees and $602.50 in costs (Doc. 36). Defendant has filed a response, arguing that Plaintiff's claim is excessive and the Court should award no more than $1,000 (Doc. 37).   Upon due consideration, the Court will **GRANT** Plaintiff's motion **in part** and award Plaintiff **$2,500** in attorney's fees in connection with her motion to compel.   To the extent Plaintiff seeks costs, fees in excess of $2,500, or any "multiplier," her motion will be **DENIED**.

### Discussion

Plaintiff's motion misapprehends the law governing the fee award in this matter. Plaintiff cites Trans Coastal Roofing Co. v. David Boland, Inc., 309 F.3d 758, 760 (11th Cir. 2012), for the proposition that "[a] fee claim pursuant to state law in a federal diversity

action requires application of state substantive law to the fee dispute."   (Doc. 36 at 3).

But Rule 37, rather than state law, is the source of Plaintiff's entitlement to attorney fees

relating to her discovery motion.   And when a valid federal rule governs an issue, it

applies "regardless of contrary state law."   Gasperini v. Center for Humanities, Inc., 518

U.S. 415, 427 n. 7 (1996).

In the Eleventh Circuit, courts must use the lodestar approach in order to

determine reasonable attorney's fees.   Chemische Fabrik Budenheim KG v. Bavaria

Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); see

also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

The court must determine the lodestar by multiplying the number of hours reasonably

expended by a reasonable hourly rate.   Loranger v. Stierheim, 10 F.3d 776, 781 (11th

Cir. 2005) (per curiam); Norman, 836 F.2d at 1299.   The Court must exclude from its

calculation "excessive, redundant or otherwise unnecessary" hours.   Hensley v.

Eckerhart, 461 U.S. 424, 434 (1983).   "A reasonable hourly rate is the prevailing market

rate in the relevant legal community for similar services by lawyers of reasonably

comparable skills, experience, and reputation."   Norman, 836 F.2d at 1299.   "Ultimately,

the computation of a fee award is necessarily an exercise in judgment, because '[t]here is

no precise rule or formula for making these determinations.'"   Villano v. City of Boynton

Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436).

As the fee applicant, Plaintiff "bears the burden of establishing entitlement and

documenting the appropriate hours and hourly rates."   Id. at 1303.   She may meet this

burden "by producing either direct evidence of rates charged under similar circumstances,

or opinion evidence of reasonable rates."   Chemische, 2010 WL 98991, at *4.   "[T]he

Court may use its own expertise and judgment to make an appropriate independent

assessment of the value of the attorney's services." Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.").

Plaintiff's attorney, Andrew Parker Felix expended 15.2 hours on the motion to compel (Doc. 36 at 2; Doc. 36-1).   The motion does not identify Mr. Felix' regular hourly rate but according to the affidavit of attorney Michael Gay, Mr. Felix is a partner and Morgan & Morgan with 12 years' experience for whom $395 per hour "is reasonable in this market based on his skill and experience." (Doc. 36-2, ¶ 8).   Mr. Gay also declares his belief that "15.2 hours is a reasonable number of hours in prosecuting the motion to compel."   (Id., ¶ 9).   Plaintiff attached to her motion a table of hourly rates ranging from $300 to $600 that she says were approved by Florida state courts in fee-shifting cases (Doc. 36 at 6; Doc. 36-3).

Defendant objects to Mr. Felix' claimed hours, his use of block billing, the inclusion of hours spent doing research prior to the Rule 37(a) conference, and the excessiveness of the time spent on the motion in light of the simple nature of the issues presented (Doc. 37 at 5-7).   In response to Mr. Gay's affidavit, Defendant has filed the affidavit of its expert, attorney Daniel E. Smith, who opines that $150-$300 per hour and 5 hours of attorney time are reasonable for the motion to compel (Doc. 37-2).

The Court agrees with Defendant that Mr. Felix' requested hourly rate is excessive. Regardless of his ability to command $395 per hour on the open market, this rate is not reasonable for the work done on the motion to compel or, if it was reasonable, then the

commensurate level of attorney skill should translate into significantly fewer hours expended on the motion.

Mr. Felix spent some six hours conducting research, "a task which should be billed at an associate or paralegal rate, not a partner rate." EEOC v. Enterprise Leasing Co., No. 8:00CV2012T24EAD, 2003 WL 21659097, at *4 (M.D. Fla. May 16, 2013); see also Ursic v. Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983) ("A fee applicant cannot demand a high hourly rate-which is based on his or her experience, reputation, and a presumed familiarity with the applicable law-and then run up an inordinate amount of time researching that same law....   Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates.   A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn.").   Given the straightforward nature of the issues presented by the motion to compel, the task of drafting it should have been assigned to an associate.   Based upon its own knowledge and experience in the legal marketplace, the Court finds $250 per hour is appropriate in light of the nature of the work performed by Plaintiff's attorney.

The Court also finds Plaintiff's hours claimed are excessive.   To be blunt, Defendant's objection that its maintenance procedures constituted trade secrets was ridiculous.   It should have been obvious from the start that this objection lacked a legal and factual basis, so that six hours of research should not have been required to confirm the obvious.   The Court therefore finds, given the simplicity of the issues presented by the motion, that ten hours of attorney time to prepare and file the motion is reasonable.

Applying the lodestar method, I find that $2,500–representing 10 hours of attorney time at a rate of $250 per hour–is a reasonable fee for Plaintiff's motion to compel.

Plaintiff asks the Court to reserve ruling until the conclusion of the case on whether a multiplier to the lodestar amount is appropriate (Doc. 36 at 1 n. 2).   Courts may adjust a lodestar amount by applying a "multiplier" based on factors "such as contingency and the quality of the work performed, to arrive at a final fee."   Camden Condominium Ass'n, Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991).   The state court cases Plaintiff cites address risk multipliers in cases where counsel entered into contingent fee agreements with their clients.   See Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828, 831 (Fla. 1990); Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).   The rationale for risk multipliers does not apply to fees granted in connection with a discovery motion.   Attorneys representing clients on contingency fees may recover a lodestar fee for a meritorious discovery motion, whether or not the client ultimately prevails on the merits.   The contingent nature of the fee agreement in this personal injury case has nothing to do with an award of attorney's fees to either party in connection with a discovery dispute.   Moreover, Plaintiff cites no case supporting the proposition that discovery-related fees may be enhanced by contingency multipliers, and at least one court has cast doubt on the idea.   See Kranzdorf v. Green, Civ. A. No. 83-566, 1986 WL 8267, at *1 n. 1 (E.D. Pa. 1986).

Plaintiff also requests $602.50 in costs, comprising a $402.50 videographer fee and $160.00 court reporter appearance fee.   Plaintiff does not explain why these expenses were incurred in connection with the motion to compel.   See FED. R. CIV. P. 37(a)(5)(A), (C).   Accordingly, Plaintiff's request for fees will be denied.   Plaintiff also suggests that Mr. Gay be granted fees for preparing his affidavit (Doc. 36 at 6-7). However, Plaintiff does not provide Mr. Gay's hourly rate or the time he spent preparing

his affidavit.   And, the Court rejected Mr. Gay's opinions.   Therefore, Plaintiff's request for expert fees is also denied.

### Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees (Doc. 36) is **GRANTED in part** and **DENIED in part**.   Plaintiff is awarded **$2,500** in attorney's fees incurred in connection with her motion to compel.

**DONE** and **ORDERED** in Orlando, Florida on June 29, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record